Filed 8/23/22 P. v. Zhuk CA3
Opinion following rehearing

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>DANIIL V. ZHUK,<br><br>       Defendant and Appellant. | C093995<br><br>(Super. Ct. No. 00F02479)<br><br>OPINION AFTER<br>GRANT OF REHEARING |

While defendant Daniil V. Zhuk was serving a sentence of 25 years to life in prison for first degree murder with true special circumstances findings, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). (Stats. 2018, ch. 1015, §§ 1-4.). This bill amended the law governing murder liability under the felony murder and natural and probable consequences theories and provided a new

1

procedure under Penal Code section 1170.95[1] for eligible defendants to petition for recall and resentencing.[2]

We issued an opinion on July 22, 2022, affirming the trial court's denial of defendant's petition for resentencing. We agreed with the trial court that defendant was precluded from making a prima facie showing of eligibility for relief under section 1170.95 because a jury had found true two special circumstance allegations under section 190.2, subdivision (a)(17), although those findings were made before our Supreme Court clarified the standard for making such findings in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

After we issued our opinion, affirming the judgment, our Supreme Court issued *People v. Strong* (Aug. 8, 2022, S266606) ___ Cal.5th ___ [2022 Cal. Lexis 4563] (*Strong*), which concluded that special circumstances findings made before *Banks* and *Clark* do not preclude a defendant from making a prima facie case for resentencing under section 1170.95, even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*. (*Strong*, at p. *12.)

Defendant filed a petition for rehearing. After requesting an answer from the Attorney General, who agreed with defendant that we should grant rehearing and remand the case, we granted defendant's petition. On rehearing, we agree with the parties that we must vacate the trial court's order and remand the matter for further proceedings not inconsistent with *Strong*.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant filed the petition in 2020. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion.

**FACTS AND PROCEEDINGS**

*Factual and Procedural Background*

The facts underlying defendant's crimes as relevant here, set forth in our unpublished opinion *People v. Zhuk* (July 18, 2008, No. C047365) (nonpub. opn.), as modified on denial of rehearing (Aug. 15, 2008) (*Zhuk I*) affirming defendant's convictions, were as follows:

In 2000, Cindy Chung drove her BMW to an autobody shop owned by her father. Defendant, then 17 years old, codefendant Mikhael Vlasov, and 14-year-old Peter P. began following Chung; defendant carried a loaded handgun and said he knew people who would pay money for a BMW or Mercedes. Defendant discussed ordering drivers out of the desired cars at gunpoint. Defendant followed Chung to the autobody shop, parked nearby, and gave the gun to Vlasov. He instructed Vlasov to run up to the driver of the car, stick the gun in her face, and take away the car. Peter P. heard Vlasov check the gun's magazine and watched him leave the car. (*Zhuk I*, *supra*, C047365.)

Chung went into the shop's office and returned about 10 minutes later. Vlasov returned to defendant's car and told defendant he could not find the BMW. Defendant told Vlasov to go check again, and Vlasov walked away toward the shop. Vlasov walked to where Chung had parked. Vlasov fired two shots, and Chung's father saw her car crash into a fence. Vlasov ran to defendant's car, got in, and said he had shot out the front windshield of the BMW. After the incident, defendant drove around surface streets. He said he would dispose of his car by getting into an accident; he rear-ended a car, and Peter P. and Vlasov went to the hospital. Chung died at the scene of the shooting. (*Zhuk I*, *supra*, C047365.)

As to the charges regarding Chung, the jury found defendant guilty of murder, attempted carjacking, and attempted robbery. (§§ 187, subd. (a), 211, 215, 664, subd. (a).) As to the murder count, the jury found true the allegation that a principal in the commission of the offense was armed with a firearm (§ 12022, subd. (a)(1)), and the

3

special circumstance allegations that defendant was engaged in the commission of an attempted robbery and an attempted carjacking when the murder occurred (§ 190.2, subd. (a)(17)). The trial court sentenced defendant to life without the possibility of parole (LWOP) on the murder count, plus one year for the firearm enhancement. (*Zhuk I*, *supra*, C047365.)

Defendant appealed his conviction on several grounds, including on the basis that insufficient evidence supported the jury's finding that he was a major participant as required to sustain the special circumstance findings, and this court affirmed the judgment in July 2008. (*Zhuk I*, *supra*, C047365.) In October 2017, pursuant to *Miller v. Alabama* (2015) 567 U.S. 460 (*Miller*) and its progeny, defendant's LWOP sentence was reduced to 25 years to life, plus one year for the firearm enhancement, plus three years four months for remaining counts.

*Defendant's Petition*

In May 2020, defendant filed a petition for resentencing pursuant to section 1170.95. Defendant asserted that: (1) the information filed against him allowed the prosecutor to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first degree murder pursuant to the felony-murder rule; and (3) he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. He further argued that, although the jury had found true two special circumstance allegations, he was not precluded from relief because the true findings were made prior to the decisions in *Banks* and *Clark*, which clarified the meaning of the special circumstance statute. Defendant added the information filed in this case as an exhibit.

The prosecution filed a motion to dismiss the petition. It argued defendant murdered with malice aforethought, rendering him ineligible for relief, and his petition failed to meet the statutory burden to make a prima facie showing of eligibility. The People conceded that defendant was entitled to a "*Banks/Clark* hearing" but maintained

4

the evidence would nonetheless show he was a major participant acting with reckless indifference to human life at the time of the murder.

In reply to the People's motion to dismiss his petition, defendant asked the trial court to issue an order to show cause and set a hearing to determine whether his conduct involved reckless indifference to human life under *Banks/Clark* per the People's concession that a hearing on that issue was warranted, contended the jury had never made a finding of malice, and asserted he had in fact set forth a prima facie case.

On September 2, 2020, the trial court denied the petition without a hearing and without prejudice should defendant obtain postconviction relief in a habeas corpus proceeding from the special circumstance findings. The court concluded that defendant first needed to seek collateral relief in a habeas proceeding to challenge the special circumstance findings under *Banks* and *Clark* because section 1170.95 was not "the proper forum" for such a determination, and thus the trial court did not have jurisdiction to allow for a challenge to the validity of the special circumstance findings. In the alternative, the court concluded that defendant had failed to set forth a prima facie case for relief based on the evidence summarized by this court in defendant's direct appeal.

On September 15, 2020, defendant filed a motion for reconsideration, which the prosecution opposed. Defendant alleged, *inter alia*, that the trial court had decided his petition on grounds not raised by either party, namely on the basis that he had not obtained habeas relief as a prerequisite for resentencing under section 1170.95, and he argued he was no longer in custody pursuant to the special circumstance findings and thus he could not obtain habeas corpus relief as the trial court suggested.

The trial court denied defendant's motion for reconsideration. The court rejected defendant's argument that he was no longer in custody pursuant to the felony-murder special circumstances pursuant to his sentence reduction under *Miller*, *supra*, 567 U.S. 460. The court followed *People v. Murillo* (2020) 54 Cal.App.5th 160, abrogated by *Strong*, *supra*, ___ Cal.5th at p. ___ [2022 Cal. Lexis 4563 at pp. *15, *17]), which held

5

that the proper venue for challenging a felony-murder special circumstance finding under *Banks* and *Clark* is by a petition for a writ of habeas corpus, not a section 1170.95 petition, and also that a court may deny a section 1170.95 petition if it determines that the record of conviction shows as a matter of law that the special circumstance finding is valid even under *Banks* and *Clark*. The court stated it did not have jurisdiction to entertain a postjudgment challenge to the validity of the special circumstances via a section 1170.95 petition, and that, regardless, as "an alternate ground" for denying the petition, it had analyzed defendant's special circumstance findings under *Banks* and *Clark* and had found the findings were still sufficiently supported by the evidence.

Defendant timely filed a notice of appeal. The case was fully briefed in May 2022 and assigned to this panel on May 31, 2022. The parties waived argument on July 5, 2022, and the case was deemed submitted on July 8, 2022. We issued our opinion on July 22, 2022. Our Supreme Court issued *Strong* on August 8, 2022, and defendant petitioned this court for rehearing on the same day. We ordered the Attorney General to answer defendant's rehearing petition, which he did on August 12, 2022.

## DISCUSSION

### I

### *Legal Background*

Senate Bill No. 1437 amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely

6

on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served . . . . If the petitioner makes a

7

prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

## II

### *Prima Facie Showing*

Defendant contests the trial court's conclusion that the appropriate avenue to challenge the jury's special circumstances findings is through a petition for habeas corpus, rather than a section 1170.95 petition.  He contends that the jury's true findings on the felony-murder special circumstance allegations do not preclude relief because the findings were made before the Supreme Court clarified the definitions of "major participant" and "reckless indifference to human life" in *Banks* and *Clark*.

After we rejected defendant's claims in our recent opinion, our Supreme Court issued *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437.  This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, ___ Cal.5th at p. ___ [2022 Cal. Lexis 4563 at p. *12].)  Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case, and, alternatively, that sufficient evidence supported the findings under *Banks* and *Clark*.  Because the trial court's conclusions do not survive *Strong*, we will vacate the trial court's order and remand for further proceedings not inconsistent with *Strong*.

## DISPOSITION

The order denying defendant's section 1170.95 petition is vacated, and the cause is remanded with directions to conduct further proceedings not inconsistent with *Strong*.

                                         /s/
                              Duarte, Acting P. J.

We concur:

     /s/
Hoch, J.

     /s/
Earl, J.